Kathryn J. Halford (CA Bar No. 068141)
email: khalford@wkclegal.com
Elizabeth Rosenfeld (CA Bar No. 106571)
email: erosenfeld@wkclegal.com
Nicholas I. Starkman (CA Bar No. 291373)
email: nstarkman@wkclegal.com
**WOHLNER KAPLON CUTLER**
**HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA  91436
Telephone:  (818) 501-8030 ext. 331
Facsimile:  (818) 501-5306

Attorneys for Plaintiffs, Board of Directors
of the Motion Picture Industry Pension Plan, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## Western Division

| | |
|---|---|
| BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>                    Plaintiffs,<br><br>vs.<br><br>ANEFX, INC., a California corporation,<br><br>                    Defendant. | CASE NO.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, SPECIFIC PERFORMANCE AND VIOLATON OF ERISA**<br><br>[29 U.S.C. §§1132, 1145<br> 29 U.S.C. §185] |

Plaintiffs allege as follows:

<u>JURISDICTION</u>

1. Jurisdiction is conferred upon this court by the Employee Income Retirement Security Act of 1974 as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, and by section 301(a) of the Labor-Management Relations Act of 1947 as amended ("LMRA"), 29 U.S.C. §185(a).

<u>VENUE</u>

2. In accordance with ERISA §502(e) (29 U.S.C. §1132(e)), venue is appropriate in the Central District of California as the place where the Plans are administered, and where the contractual obligations alleged herein are to be performed.

<u>PARTIES</u>

3. Plaintiffs, the Boards of Directors of the Motion Picture Industry Pension Plan, the Motion Picture Industry Individual Account Plan, and the Motion Picture Industry Health Plan (herein "Plaintiffs"), are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds that were created and are maintained pursuant to section 302(c)(5) of the LMRA (29 U.S.C. §186(c)(5)).

4. The Motion Picture Industry Pension Plan ("Pension Plan") and the Motion Picture Industry Individual Account Plan ("IA Plan") are "employee pension benefit plans" as defined ERISA §3(2) (29 U.S.C. §1002(2)).  The Motion Picture Industry Health Plan ("Health Plan") is an "employee welfare benefit plan" as defined in ERISA §3(1) (29 U.S.C. §1002(1)).  The Pension Plan, IA Plan, and Health Plan (collectively referred to herein as "the Plans") are "multiemployer plans" within the meaning of ERISA §§3(37)(A) and 515 (29 U.S.C. §1002(37)(A); 29 U.S.C. §1145).  Plaintiffs are fiduciaries with respect to the Plans within the meaning of ERISA §21(A) (29 U.S.C. §1002(21)(A)).  The Plans were established pursuant to collective bargaining agreements between various

COMPLAINT FOR BREACH OF CONTRACT AND VIOLATION OF ERISA

1  employers and employer associations performing work in the entertainment
2  (motion picture and television) industry, and the International Alliance of
3  Theatrical Stage Employees and Moving Picture Machine Operators of the United
4  States and Canada, AFL-CIO ("IATSE"), an unincorporated labor organization.
5  The Plans are administered in Studio City, California.

6       5.    Plaintiffs are informed and believe and thereon allege that defendant
7  Anefx, Inc. ("Anefx") is a California corporation, authorized and existing under
8  and by virtue of the laws of the State of California, with its principal place of
9  business in Burbank California, within this judicial district.

10       6.    At all relevant times herein, Anefx has been an "employer" in an
11  industry affecting commerce, within the meaning of the LMRA and ERISA.

12       7.    This complaint is prosecuted pursuant to the LMRA §302(a), and
13  ERISA §§502 and 515, to enforce the provisions of ERISA against an employer
14  engaged in an industry affecting commerce.

15
16  <u>FIRST CLAIM FOR RELIEF</u>
17  <u>BREACH OF CONTRACT</u>

18       8.    On or about October 18, 2010, Anefx executed a Memorandum
19  Agreement with the IATSE Local 700, whereby Anefx agreed to become
20  signatory to the 2009-2012 Producer IATSE and M.P.T.T.A.A.C. Basic
21  Agreement and the 2009-2012 Local 700 Post Production Independent Agreement
22  ("Local 700 Post Production Agreement"). A true and correct copy of the
23  Memorandum Agreement is attached hereto and incorporated herein by this
24  reference as "Exhibit 1". On or about November 5, 2010, Anefx executed an
25  Agreement of Consent in which it agreed to become a party to and bound by the
26  Producer-IATSE Basic Agreement of 2009 between the IATSE and the Alliance
27  of Motion Picture and Television Producers, Inc. and the IATSE and its West
28  Coast Studio Locals, including Local 700 ("Basic Agreement"). A true and correct

copy of the Agreement of Consent is attached hereto and incorporated herein by this reference as Exhibit "2". The Memorandum Agreement, Agreement of Consent and the Basic Agreement are collectively referred to herein as "Agreements."

9.      On or about November 5, 2010, in conjunction with the execution of the Agreements, Anefx executed an IATSE Trust Acceptance, wherein Anefx agreed to be bound by all terms and conditions of the Trust Agreements establishing the Pension Plan, the IA Plan and the Health Plan ("Trust Agreements"), and to contribute to the Plans on behalf of each employee covered by the Agreements.  A true and correct copy of the IATSE Trust Acceptance is attached hereto and incorporated herein by this reference as Exhibit "3". Anefx also entered into an Employee-Shareholder Company Agreement, wherein Anefx agreed to make contributions to the Plans on behalf of shareholder, John Levy, on a continuous 56 hour per week basis within five (5) working days following the end of the weekly payroll period, except as otherwise provided in the Employee-Shareholder Agreement. A true and correct copy of the Employee – Shareholder Agreement is attached hereto and incorporated herein by this reference as Exhibit "4".

10.      The Agreements were in full force and effect during all times relevant herein.

11.      The Trust Agreements obligate Anefx to forward a single, combined weekly remittance report, together with contributions owed to the Plans for the total hours worked by or guaranteed to all employees covered by the Agreements, by the last day of the week following the week in which work was performed. Contributions are delinquent if they are not received within five (5) days from the date such contributions become due.

12.      Pursuant to the terms of the Trust Agreements, Anefx agreed that in the event of a delinquency it would pay liquidated damages. The Trust

COMPLAINT FOR BREACH OF CONTRACT AND VIOLATION OF ERISA

Agreements for each of the Plans provide for payment of liquidated damages in addition to payment of any delinquent contribution or any interest, in an amount presumed to be the greater of 20 percent (20%) of the amount of contributions due; or the amount of interest due under the above provisions of this Article on the date when payment is made.

13. The Trust Agreements further provide that in the event of a delinquency, Anefx shall be liable to the Plans, in addition to contributions, and liquidated damages, for all expenses of collection, including all costs, reasonable accountants' fees, auditors' fees and attorneys' fees, and for the payment of interest at the accruing at the rate of 1 percent (1%) per month on all unpaid contributions.

14. Plaintiffs are informed and believe and upon that basis allege that Anefx employed persons who performed work covered under the Agreements, but failed to report and pay contributions to the Plans.

15. On or about March 19, 2015, the Plans completed and published an audit of the records of Anefx, which disclosed for the first time that Anefx had underpaid contributions in the amount of $1,087.39 for hours worked by its employees during the period of November 7, 2010 through April 13, 2013 ("Audit 1"). On or about December 16, 2016, the Plans completed and published an audit of the records of Anefx, which disclosed for the first time that Anefx had underpaid contributions in the amount of $236,089.08 for hours worked by its employees during the period of April 21, 2013 through May 7, 2016 ("Audit 2") (collectively referred to as "the Audits"). Prior to the completion of the Audits, Plaintiffs were unaware that Anefx had failed to properly report and pay contributions.

16. To date, the Plaintiffs have incurred expenses of $13,875.00 in auditing Anefx's records.

17.   In accordance with the Trust Agreements, interest in the amount of $480.42 has accrued on the unpaid contributions disclosed by Audit 1, and interest in the amount of $29,666.65 has accrued on the unpaid contributions disclosed by Audit 2 through the date of publication of the Audits. Interest is continuing to accrue as provided in the Trust Agreement until the contributions are paid in full.

18.   The Plans assessed liquidated damages in the amount of $480.42 upon the unpaid contributions disclosed by Audit 1, and assessed liquidated damages in the amount of $47,478.31 upon the unpaid contributions disclosed by Audit 2. Liquidated damages are continuing to accrue on the unpaid contributions disclosed in Audit 1 and Audit 2 at the rate of 1 percent (1%) pre month until paid. During the period of November 9, 2014 through September 28, 2016, Anefx paid its weekly contributions to the Plans late, and the Plans assessed liquidated damages in the amount of $26,713.46 upon these late paid contributions. At all times mentioned herein, it was and now is impracticable and extremely difficult to fix the amount of actual damage to the Plaintiffs as a result of nonpayment of contributions. The amount agreed upon in the Trust Agreements, as and for liquidated damages, represented and now represents a reasonable endeavor to ascertain and compensate for the damages caused to the Plans by the nonpayment of contributions.

19.   Anefx has further failed to make employee-shareholder contributions to the Plans in accordance with the provisions of the Employee-Shareholder Agreement. Anefx owes $9,645.16 for unpaid employee shareholder billings for the period of April 24, 2016 through November 19, 2016. Anefx owes additional Employee –Shareholder contributions for the period of November 20, 2016 to date.

20.   As a result of Anefx's failure to report and pay contributions, it has been necessary for the Plans to employ the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld, and Plaintiffs have incurred attorneys' fees.

21.    As a result of Anefx's breach of the Agreements, the Employee Shareholder Agreement and the Trust Agreements, Plaintiffs have been damaged in an amount equal to the amount of contributions, liquidated damages, interest, reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreements and the Trust Agreements.

22.    Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the Agreements, Employee-Shareholder Agreement and the Trust Agreements.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF ERISA

23.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 22 as though fully set forth herein.

24.    By failing to accurately report and pay contributions to the Plans in accordance with the provisions of the Agreements, the Employee-Shareholder Agreement and the Trust Agreements, Anefx has violated ERISA §515. Therefore, in accordance with the terms of the Trust Agreements and pursuant to ERISA §§502(g)(2) and 515, Plaintiffs are entitled to and hereby demand, payment of all contributions and employee-shareholder contributions determined to be due, liquidated damages, interest, reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreements and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

/ / /

/ / /

/ / /

THIRD CLAIM FOR RELIEF

VIOLATION OF ERISA

BREACH OF CONTRACT- SPECIFIC PERFORMANCE

25.    Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 24, as though fully set forth herein.

26.    The Trust Agreements at Article III of the Pension Plan, Article V of the Health Plan and Article III of the Individual Account Plan provide that "the Directors may, at reasonable times and during normal business hours of any Employer, audit or cause the audit inspection of the records of any Employer which may be pertinent in connection with the said contributions and/or reports insofar as same may be necessary to accomplish the purpose" of the Trust Agreements.

27.    The Trust Agreements for each of the Plans further provide that if an Employer fails to make records available for an audit or inspection and the Plans file a lawsuit to compel the production of documents, the Employer will be liable for the Plans' enforcement expenses including "all reasonable accountants' fees, auditors' fees, attorneys' fees and costs incurred in connection therewith, in addition to any delinquent contributions, liquidated damages, interest, attorneys' fees and costs, whether or not the audit or inspection identifies delinquent contributions."

28.    The Plans have determined that all payroll and payroll tax records, time cards, cash disbursement journal and back up invoices must be made available for inspection, and any other records or information that the Plans require to examine for the audit period commencing May 1, 2016 through the current date are necessary for the Plans to determine whether all contributions have been properly reported and paid in accordance with the Agreements and Trust Agreements.

29.    In accordance with the provisions of the Trust Agreements and the exercise of their fiduciary duties required by federal statutory and common law,

Plaintiffs demanded that Anefx submit the foregoing records for auditing in order to determine the accuracy of Anefx's reporting and the full scope of Anefx's delinquency. Although Anefx has submitted records for the periods covered by the Audits, defendant has failed, refused, and continues in such failure and refusal to fully comply with Plaintiffs' audit demands for the period of May 1, 2016 to date thereby making it impossible for Plaintiffs to ascertain whether all hours have been properly reported and contributions paid to the Plans. Anefx has thereby breached the Agreements and the Trust Agreements.

30.     Without access to the compensation records, Plaintiffs are unable to determine whether Anefx has accurately reported, and/or the amount of the delinquency since reporting is based solely on an Employer's statement and the Plaintiffs have no quick, economical, or efficient way to determine if the reported contributions are correct. Without access to Defendant's records, Plaintiffs will be unable to determine whether benefits have been properly paid which may subject Plaintiffs and/or Plans to penalties, suits and damages for the failure to perform their duties, the gross sum of which is incalculable, speculative, and leading to irreparable damage.

31.     As a result of the breach of the Agreements and the Trust Agreements, Plaintiffs are unable to ascertain whether contributions have been properly reported and paid to the Plans for covered work, and Plaintiffs have no adequate remedy at law. The exact amount of damages incurred as a result of the breach has not been determined, but Plaintiffs will seek permission of the Court to amend when the amounts are ascertained through audit.

32.     As a result of Defendants' failure to make records available for audit, it has been necessary for the Plans to retain the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld.

33.     In accordance with the provisions of the Trust Agreements, Plaintiffs are entitled to an order requiring Defendant to produce the specified records for

1  audit by the Plaintiffs, together with reasonable attorneys' fees and all costs,

2  including audit costs, incurred in enforcing the terms of the Agreements and the

3  Trust Agreements.

4       34.    Plaintiffs have complied with all conditions precedent, if any, to be

5  performed under the terms of the Agreements, Employee-Shareholder Agreement

6  and the Trust Agreements.

7

8  <u>FOURTH CLAIM FOR RELIEF</u>

9  <u>VIOLATION OF ERISA</u>

10  <u>SPECIFIC PERFORMANCE</u>

11       35.    Plaintiffs  incorporate  by  reference  each  and  every  allegation

12  contained in paragraphs 1 through 34, as though fully set forth herein.

13       36.    By failing to make its records available for audit by the Plaintiffs for

14  the  period  of  May  2016  to  date  in  accordance  with  the  provisions  of  the

15  Agreements,  and  the  Trust  Agreements,  Anefx  has  violated  ERISA  §515.

16  Therefore, in accordance with the terms of the Trust Agreements and pursuant to

17  ERISA §§502(g)(2)(E) and 515, 29 U.S.C. §§1132(g)(2)(E) and 1145, and ERISA

18  §502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiffs are entitled to and hereby demand, as

19  appropriate equitable relief that the Court issue an order requiring Anefx to make

20  its records immediately available for audit by the Plans for the period of May 1,

21  2016 to date.

22       37.    Plaintiffs are informed and believe and upon that basis allege that

23  contributions have not been accurately reported and paid to the Plans and that the

24  audit of the records of Anefx will disclose the correct amount of contributions.

25  Upon determination of the full amount of contributions owed, as disclosed by the

26  audit, Plaintiffs will seek leave to amend the complaint to assert the claims for

27  unpaid and other amounts owed during the period of May 1, 2016 to date and will

28  seek a judgment in accordance with ERISA §502(g)(2), 29 U.S.C. § 1132(g)(2), for

all unpaid contributions, and liquidated damages, interest, audit costs, court costs and reasonable attorneys' fees in accordance with the provisions of the Agreements and Trust Agreements and the Employee-Shareholder Agreement.

WHEREFORE, Plaintiffs pray for judgment as follows:

ON THE FIRST AND SECOND CLAIMS FOR RELIEF:

1.     For unpaid contributions in the sum of $237,176.47, as first disclosed by the Plans' Audits published on March 19, 2015 and December 16, 2016;

2.     For $9,645.16 in unpaid contributions owed pursuant to the Employee Shareholder Agreement for the period of April 24, 2016 through November 19, 2016, and such additional amounts that may be determined to be owed according to proof;

3.     For payment of interest calculated at the rate of one percent (1%) per month on all unpaid contributions and late paid contributions from due dates until paid.

4.     For payment of liquidated damages on all unpaid and late paid contributions in an amount presumed to be the greater of twenty percent (20%) of the amount of contributions due, or the amount of interest calculated at the rate of one percent (1%) per month until paid;

4.     For payment of audit costs in the sum of $13,875.00;

5.     For attorneys' fees and costs; and

6.     For such other relief as the court deems appropriate, including other appropriate legal and/or equitable relief in accordance with ERISA §502(g)(2)(E).

ON THE THIRD AND FOURTH CLAIMS FOR RELIEF

7.     For an Order compelling audit whereby Defendant Anefx shall be directed by the Court within a specified time after entry to:

A.     Make available Anefx's payroll and payroll tax records, time cards, cash disbursement journal and invoices and such other records as may be

necessary in the opinion of the Plans' auditor to complete the audit, and any other records or information that the Plans require to examine for the audit period commencing May 1, 2016 to date.

        B.     Afford to the Plans both ample time and opportunity to examine all of Defendant's materials specified above, without harassment, at such time and at such place as shall be convenient to the authorized representative of the Plans.

        8.     That in the event Defendant cannot produce all of the records which the Plans are required to examine, the Court enter an Order Compelling Record Reconstruction where Defendant shall be directed by the Court within a specified time after the entry thereof, to:

        A.     Apply to the Federal and State agencies with which Defendant previously filed periodic reports pertaining to employees for copies of Defendant's reports to them for all of the periods for which Defendant cannot produce records; and

        B.     Subsequently make available to the Plans all such copies of Defendant's periodic reports to the Federal and State agencies under the conditions set forth in 1(B) above.

        9.     For payment of all unpaid contributions disclosed by the audit and for liquidated damages and interest assessed on all unpaid contributions in accordance with the Trust Agreements and ERISA for the period of May 1, 2016 to date of entry of judgment;

        10.    For auditors' fees, according to proof;

        11.    For reasonable attorneys' fees incurred in prosecuting this action;

        12.    For costs of suit; and

        13.    For such other relief as the court deems appropriate, including such

/ / /

/ / /

other appropriate legal and/or equitable relief in accordance with ERISA §502(g)(2)(E).

DATED: April 5, 2017

Kathryn J. Halford, Esq.
Elizabeth Rosenfeld, Esq.
Nicholas I. Starkman, Esq.
**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**

By: _/s/ Kathryn J. Halford_
Kathryn J. Halford
Attorneys for Plaintiffs Boards of Directors of the Motion Picture Industry Pension Plan, Board of Directors of the Motion Picture Individual Account Plan, and Board of Directors of the Motion Picture Industry Health Plan