| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **"O"** |
| Case No. | 2:17-cv-2621-CAS-JCx | Date | April 2, 2018 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, ET AL. V. ANEFX, INC. | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Catherine Jeang/John Lopez | Laura Elias | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Kathryn Halford | | Not Present | |

**Proceedings:** PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Dkt. 34, filed February 28, 2018)

## I. INTRODUCTION

On April 5, 2017, plaintiffs Board of Directors of the Motion Picture Industry Pension Plan, Board of Directors of the Motion Picture Industry Individual Account Plan, and Board of Directors of the Motion Picture Industry Health Plan (collectively, the "Plans") brought this action against defendant AnEFX, Inc. ("AnEFX") pursuant to § 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, and § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, for breach of collective bargaining agreements and violations of ERISA. Dkt. 1 ("Compl.").

On October 4, 2017, counsel for defendant filed a motion to withdraw from the representation. Dkt. 19. On November 6, 2017, the Court found good cause to permit withdrawal and directed AnEFX to retain new counsel within 30 days, admonishing that failure to do so may result in the imposition of sanctions or the entry of default. Dkt. 23. No substitution of counsel was made. Pursuant to plaintiffs' request, the Clerk entered default on January 25, 2018. Dkt. 31. On February 28, 2018, plaintiffs filed the instant motion for default judgment. Dkt. 34 ("Mot."). The Court held a hearing on April 2, 2018. No appearance was made on behalf of AnEFX.

Having carefully reviewed the motion and plaintiffs' supporting declarations and exhibits, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:17-cv-2621-CAS-JCx | Date | April 2, 2018 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, ET AL. V. ANEFX, INC. | | |

## II. BACKGROUND

The Plans are employee welfare benefit and pension plans under ERISA, 29 U.S.C. § 1002(1) & 2, and multiemployer plans within the meaning of ERISA, 29 U.S.C. § 1002(37)(A). Compl. ¶ 4. The Plans were established pursuant to a series of collective bargaining agreements (the "Trust Agreements") between various employers and employer associations performing work in the motion picture and television industry and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL-CIO ("IATSE"). Id. ¶¶ 4, 9.

### A. Trust Agreements

On October 18, 2010, AnEFX executed a Memorandum Agreement with IATSE Local 700, in which it agreed to become signatory to the 2009–2012 Producer IATSE and M.P.T.A.A.C. Basic Agreement and the 2009–2012 Local 700 Post Production Independent Agreement. Id. ¶ 8, Ex. 1. On November 5, 2010, AnEFX executed an Agreement of Consent in which it agreed to become a party to and be bound by the Producer–IATSE Basic Agreement of 2009 between the Alliance of Motion Picture and Television Producers, Inc. and IATSE together with its West Coast Studio Locals, including Local 700. Id., Ex. 2. In conjunction with these Agreements, AnEFX executed an IATSE Trust Acceptance, acknowledging that it agreed to be bound by all terms and conditions of the Trust Agreements establishing the Plans and to contribute to the Plans on behalf of employees covered by the Agreements. Id. ¶ 9, Ex. 3. AnEFX also entered into an Employee–Shareholder Company Agreement, wherein the company agreed to contribute to the Plans on behalf of its shareholder, John Levy, on a continuous 56 hour-per-week basis within five working days following the end of each weekly payroll period. Id., Ex. 4.

The Trust Agreements obligate employers to submit weekly remittance reports, together with contributions owed to the Plans for the total hours worked by or guaranteed to all employees covered by the Agreements by the last day of each work week. Contributions are delinquent if they are not received within the timeframes established by the Trust Agreements. Id. ¶ 11; dkt. 34-2, Declaration of Chris Tashchyan ("Tashchyan Decl.") ¶ 8A, Exs. 1–3. Pursuant to the Trust Agreements, the Plans have the right to audit employer records. Should any audit disclose a delinquency, underpayment, or other erroneous reporting, the cost of the audit shall be borne by the employer. Id. ¶¶ 8B–C. The Plans may sue to enforce the provisions of the Trust Agreements, in which event the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **"O"**

| Case No. | 2:17-cv-2621-CAS-JCx | Date | April 2, 2018 |
|---|---|---|---|
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, ET AL. V. ANEFX, INC. | | |

employer shall be liable for all expenses of enforcement and collection, including costs and fees for accountants, auditors and attorneys, as well as liquidated damages and interest. Id. ¶ 8D. In the event of a default in the payment of contributions, interest is charged from the date when payment was due through the date payment is made at a rate of one percent per month. Id. ¶ 8E. Liquidated damages are assessed in an amount greater than either (1) twenty percent of all unpaid contributions, or (2) interest calculated at a rate of one percent per month from date payment was due to the date payment is made. Id. ¶ 8F.

### B.     Audits of Defendant

The Plans conducted two audits of AnEFX's records through May 7, 2016, which revealed that AnEFX owed delinquent contributions in the amount of $237,176.47. Id. ¶ 9, see Exs. 9 & 10. The first audit was published on March 19, 2015 and disclosed $1,087.39 in unpaid contributions for hours worked by AnEFX's employees during the period of November 7, 2010 through April 15, 2013. Id. The second audit, completed on December 16, 2016, disclosed that AnEFX had underpaid contributions in the amount of $236,089.08 during the period between April 21, 2013 through May 7, 2016. Id. Although given an opportunity both prior to and after the finalization of the audits, AnEFX failed to dispute the findings or pay the delinquent contributions. Id.

AnEFX did not produce records for a final audit for the period between May 2016 through August 2017, nor has the company reported or paid contributions for any weekly period after December 3, 2016 through August 31, 2017, the date AnEFX's participation in the Plans was terminated. Id. ¶ 10. As a result of this breach of the Trust Agreements, the full amount of additional delinquent contributions and other damages for the period after May 2016 has not been fully ascertained. Id. However, the Plans received multiple complaints regarding unreported hours for this period from participants in the Plans. Id. Based on payroll information provided by these participants, the Plans have determined that AnEFX owes additional contributions in the amount of $131,033.33 as of February 2, 2018. Id., Exs. 11, 15. In addition, AnEFX has failed to make contributions for John Levy at the rate of 56 hours per week for 48 weeks per year as required by the Employee–Shareholder Company Agreement. AnEFX owes a total of $42,175.14 for unpaid employee shareholder contributions pursuant to this agreement. Id. ¶ 11, Ex. 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **"O"**

| Case No. | 2:17-cv-2621-CAS-JCx | Date | April 2, 2018 |
|---|---|---|---|
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, ET AL. V. ANEFX, INC. | | |

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp. Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Entertainment, Inc. v. Elias, 2004 WL 141959, *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1471–72; see also Elektra, 226 F.R.D. at 392.

## IV. DISCUSSION

Plaintiffs seek default judgment against AnEFX for unpaid contributions, employee–shareholder contributions, liquidated damages, accrued interest, audit costs together with litigation costs and attorneys' fees incurred by the Plans, and for injunctive relief compelling an audit of AnEFX's books and records for the period beginning May 7, 2016 to the date judgment is entered. Mot.; dkt. 34-20 ("Proposed Order").

### A. Application of the Eitel Factors

#### 1. Risk of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also Eitel, 782 F.2d at 1471–72. Given AnEFX's failure to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:17-cv-2621-CAS-JCx | Date | April 2, 2018 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, ET AL. V. ANEFX, INC. | | |

pay the contributions due, the Plans will suffer prejudice because they "will likely be without other recourse for recovery" if default judgment is not entered. Pepsi, 238 F. Supp. 2d at 1177; see also Bd. of Trs. of the Clerks v. Piedmont Lumber & Mill Co., No. C 10-1757 MEJ, 2010 WL 4922677, at *4 (N.D. Cal. Nov. 29, 2010) (plaintiffs would suffered prejudice in the absence of a default judgment because if the "contributions are not covered, future benefits for Plan participants and their beneficiaries may be put at risk if the Plan is underfunded."). Accordingly, the first Eitel factor weighs in favor of entering default judgment.

### 2. Sufficiency of the Complaint and the Likelihood of Success on the Merits

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). Here, plaintiffs assert claims for (1) breach of the Trust Agreements pursuant to LMRA § 301 (29 U.S.C. § 185) and (2) a violation of ERISA § 515 (29 U.S.C. § 1145) for failure pay contributions. Plaintiffs also seek injunctive relief in the form of an order compelling AnEFX to submit to an audit.

Section 301 of the LMRA has been interpreted broadly to allow suits by third-party beneficiaries, such as Plans in this case, to enforce agreement between an employer and a labor organization. See Audit Servs., Inc. v. Rolfson, 641 F.2d 757, 760 (9th Cir. 1981). Here, plaintiffs have sufficiently pleaded that AnEFX breached the Trust Agreements. AnEFX executed several agreements and instruments through which it agreed to be bound by all terms and conditions of the Trust Agreements establishing the Plans and to contribute to the Plans on behalf of each employee covered by the Agreements. Compl. ¶¶ 8–9, Ex. 1–3. AnEFX breach the terms of these agreements when the audits conducted on May 7 and December 16, 2016 revealed unpaid contributions in the amount of $237,176.47 and the company failed to pay the delinquent contributions. Id. ¶ 15; Tashchyan Decl. ¶ 9, see Exs. 9 & 10. Thus, plaintiffs have sufficiently alleged breach of the collective bargaining agreements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:17-cv-2621-CAS-JCx | Date | April 2, 2018 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, ET AL. V. ANEFX, INC. | | |

Section 515 of ERISA provides a federal cause of action against employers who fail to make timely contributions to employee benefit plans and allows plan fiduciaries to enforce obligations created under a collective bargaining agreement. Trs. of the Screen Actors Guild–Producers Pension & Health Plaintiffs v. NYCA, Inc., 572 F.3d 771, 776 (9th Cir. 2009). To state a claim pursuant to § 515, plaintiffs must allege that (1) the plans are multiemployer plans within the meaning of 29 U.S.C. § 1002(37); (2) the collective bargaining agreement obligated the employer to make employee benefit contributions; and (3) the employer failed to make the contribution payments. Bd. of Trustees of U.A. Local No. 159 Health & Welfare Tr. Fund v. RT/DT, Inc., No. C 12-05111 JSW, 2013 WL 2237871, at *4 (N.D. Cal. May 21, 2013). Here, plaintiffs have sufficiently alleged that (1) the Plans qualify as multiemployer plans within the meaning of 29 U.S.C. § 1002(37); (2) the Plans were established pursuant to a series of collective bargaining agreements between various employers and IATSE and required AnEFX to make employee benefit contributions; and (3) AnEFX breached those agreements as outlined above. See Compl. ¶¶ 4, 9, 15.

In addition, plaintiffs seek injunctive relief compelling specific performance of AnEFX's obligation to permit an audit of their records from May 1, 2016 to the date judgment is entered so that plaintiffs can determine whether all contributions have been properly reported and paid in accordance with the Trust Agreements. Compl. at 11–12. "[T]he right of employee benefit plaintiffs to enforce a power to audit pursuant to a trust agreement is well established." Carpenters Sw. Admin. Corp. v. Comstock Concrete LLC, No. 2:17–cv–03835 CAS(ASx), 2017 WL 4022392, at *5 (C.D. Cal. Sept. 11, 2017) (citing Central States Pension Fund v. Central Transport, 472 U.S. 559, 581–82 (1985)). Here, the Trust Agreements expressly provide the Plans with the right to audit and inspect employer records, see Tashchyan Decl. ¶¶ 8B, Exs. 1–3; and therefore plaintiffs' request for injunctive relief in the form of specific performance is appropriate in this action.

Accordingly, the second and third Eitel factors weigh in favor of the entry of default judgment.

### 3. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:17-cv-2621-CAS-JCx | Date | April 2, 2018 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, ET AL. V. ANEFX, INC. | | |

comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14–cv–09421–MMM–PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04–cv–02559–JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Here, plaintiffs request a total of $667,511.67 in damages, interest, costs and fees, which is comprised of (1) $368,209.80 for contributions owed between November 7, 2010 and August 31, 2017, (2) $42,175.14 in unpaid employee shareholder contributions, (3) $91,021.26 in interest, (4) $91,021.26 in liquidated damages, (5) $29,055.38 in liquidated damages and interest for late-paid contributions, (6) $19,875 in audit fees, (7) $25,022.50 in attorneys' fees, and (8) $1,131.33 in costs. See Mot. at 6; Tashchyan Decl. ¶¶ 6–18, Ex. 13; Declaration of Kathryn J. Halford ("Halford Decl.") ¶¶11–12, Ex. 1. Although this is a substantial amount of money, the amounts are authorized pursuant to the terms Trust Agreements. See Tashchyan Decl. ¶¶ 8A–F, Exs. 1–3. In light of AnEFX's breach of the Trust Agreements, the Court finds that the sum of money at stake is "appropriately tailored to [AnEFX's] specific misconduct in failing to make timely contribution payments." RT/DT, Inc., 2013 WL 2237871, at *5. Accordingly, this factor weights in favor of entering default judgment.

### 4. Possibility of a Dispute Concerning a Material Fact

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177. Having defaulted, AnEFX has admitted all factual allegations contained in the complaint, and therefore no genuine dispute of material facts exists which would preclude granting the motion. See Elektra, 226 F.R.D. at 393. Accordingly, this factor weighs in favor of entering default judgment.

### 5. Possibility of Excusable Neglect

The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. The possibility of excusable neglect here is remote. As previously discussed, on November 6, 2017 the Court found good cause to permit counsel for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | "O" |
|---|---|---|---|
| Case No. | 2:17-cv-2621-CAS-JCx | Date | April 2, 2018 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, ET AL. V. ANEFX, INC. | | |

AnEFX to withdraw and directed the company to retain new counsel within 30 days. After AnEFX failed to comply with the Court's order, the Clerk entered default on January 25, 2018. Since then, AnEFX has not appeared in this matter. The default was therefore not the product of excusable neglect, and this factor weighs in favor of entering default judgment.

### 6. Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. Of course, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (internal citation omitted). Rule 55(a) permits a court to decide a case before the merits are heard if a defendant fails to defend the suit. Here, AnEFX's failure to retain counsel and defend this action makes a decision on the merits impractical. Thus, the seventh Eitel factor does not preclude the entry of default judgment.

### 7. Conclusion Regarding Eitel Factors

Apart from the policy favoring decisions on the merits, all of the remaining Eitel factors weigh in favor of default judgment, including the merits of plaintiffs' claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all of the Eitel factors, the Court finds that entry of default judgment is appropriate.

### B. Relief Sought by the Plaintiffs

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (internal quotation marks omitted). The "[p]laintiff has the burden of proving damages through testimony or written affidavit." See Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc., No. 04-02841 CW, 2005 WL 433462, at *2 (N.D. Cal. Feb. 24, 2005). Here, plaintiffs seek a substantial amount of damages, but have provided detailed affidavits and supporting exhibits to prove up that amount.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:17-cv-2621-CAS-JCx | Date | April 2, 2018 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, ET AL. V. ANEFX, INC. | | |

### 1. Unpaid Contributions

Plaintiffs seek a total $368,209.80 in unpaid contributions for the period beginning on November 7, 2010 until August 31, 2017. Tashchyan Decl. ¶¶ 9–10, 18. This amount is calculated based on: (1) the March 19, 2015 audit disclosing $1,087.39 in unpaid contributions during the period beginning November 7, 2010 through April 15, 2013, see id. ¶ 9, Ex. 9; (2) the December 16, 2016 audit disclosing $236,089.08 in unpaid contributions during the period beginning April 21, 2013 through May 7, 2016, id., Ex. 10; and (3) a review of payroll records received by plan administrators from AnEFX's former employees demonstrating that an additional $131,033.33 in unpaid contributions are owed as of February 2, 2018, id. ¶ 10, Ex. 11. Billing records and invoices also indicate that $42,175.14 in unpaid contributions is owed by AnEFX pursuant the Employee–Shareholder Company Agreement. Id. ¶ 11, Ex. 8. The Court finds this documentation sufficient to prove up the amount requested.

### 2. Interest and Liquidated Damages

The Ninth Circuit has held that an award of liquidated damages pursuant to ERISA § 502(g)(2) is "mandatory and not discretionary." Operating Eng'rs. Pension Trust v. Beck Eng'g. & Surveying Co., 746 F.2d 557, 569 (9th Cir. 1984) (citing 29 U.S.C. § 1132(g)(2)). A plaintiff is entitled to mandatory liquidated damages if the following requirements are satisfied: (1) the fiduciary obtains a judgment in favor of the plan; (2) unpaid contributions exist at the time of the suit; and (3) the plan provides for liquidated damages. Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989). As previously discussed, the Trust Agreements were breached by AnEFX; unpaid contributions were owed to the Plans when the action was filed on April 5, 2017; and the Trust Agreements provide for liquidated damages equal to the greater of (1) twenty percent of all unpaid contributions, or (2) the amount of interest due on the date when payment is made. Tashchyan Decl. ¶ 8F. Accordingly, liquidated damages are mandatory. In addition, under ERISA, plaintiffs may recover interest based on the rate set by the employee-benefit plan. See Nw. Adm'rs, Inc. v. AD Auto. Distributors Inc., No. C-05-2880 SC, 2006 WL 1626940, at *5 (N.D. Cal. June 12, 2006) (citing 29 U.S.C. § 1132(g)(2)(C)(i)).

Here, plaintiffs request a total of $211,097.90 in accrued interest and liquidated damages based on AnEFX's unpaid contributions. Tashchyan Decl. ¶¶ 12–14. Plaintiffs indicate that interest has accrued through February 2, 2018, in the amount of $65,985.04

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   "O"

| Case No. | 2:17-cv-2621-CAS-JCx | Date | April 2, 2018 |
|---|---|---|---|
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, ET AL. V. ANEFX, INC. | | |

on the unpaid contributions disclosed by the audits and in the amount of $18,863.69 with respect to the unpaid contributions determined to be owed based on payroll records for the period from May 2016 through AnEFX's termination on August 31, 2017. Interest continues to accrue at per diem rate of $121.03. Accordingly, AnEFX owes at total of $91,021.26 in accrued interest as of March 26, 2018. Id. ¶ 12. Plaintiffs request the same amount in liquidated damages pursuant to the terms of the Trust Agreements. Id. ¶ 12. In addition, plaintiffs indicate that during various reporting periods between 2015 and 2016, AnEFX paid late contributions, and the Plans assessed liquidated damages and interest from the due dates to the date of payment in the amount of $29,055.38, which remains outstanding. Id. ¶ 14, Ex. 14.

The Court finds that plaintiffs have sufficiently proved up the amount of liquidated damages and accrued interest. However, the amount was calculated through March 26, 2018 rather than the current scheduled hearing date: April 2, 2018. The Court accordingly adjusts the amount upwards by $1,452.36. Plaintiffs are thus entitled to $212,550.26 in total liquidated damages and accrued interest.

### 3. Fees and Costs

Plaintiffs request $19,875 in audit fees, $25,022.50 in attorneys' fees, and costs in the amount of $1,131.33 pursuant to the Trust Agreements. Id. ¶ 16; Halford Decl. ¶¶ 10–11. Local Rule 55–3 generally determines attorneys' fees in the case of a default judgment pursuant to a fixed percentage schedule. However, "[a]n attorney claiming a fee in excess of this schedule may file a written request at the time of entry of the default judgment to have the attorney's fee fixed by the Court. The Court shall hear the request and render judgment for such fee as the Court may deem reasonable." C.D. Cal. L.R. 55–3. Here, plaintiffs seek a departure from Local Rule 55–3 and request $25,022.50 in attorneys' fees.[1] See Halford Decl. ¶¶ 10–11. After examining plaintiffs' billing records, the Court is satisfied that the requested fees are reasonable and that the Local Rule schedule would be inadequate. Accordingly, plaintiffs are entitled to the requested fees and costs.

---

[1] Local Rule 55–3 provides that if the judgment, exclusive of costs, exceeds $100,000, the court is to award $5,600 plus two percent of the amount over $100,000. Here, the amount of attorneys' fees calculated pursuant to this formula would be $16,950.23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **"O"**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-2621-CAS-JCx | Date | April 2, 2018 |
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, ET AL. V. ANEFX, INC. | | |

### 4. Injunctive Relief

Finally, plaintiffs seek injunctive relief in the form of an order compelling AnEFX to submit to an audit for the period beginning May 1, 2016 to the date judgment is entered so that plaintiffs may determine additional unpaid contributions. See Compl. at 11–12; Proposed Order. "In ERISA cases, courts may retain jurisdiction to adjust the damages award following an audit." Bd. of Trs. v. Protech Servs., Inc., No. C 12-01047 MEJ, 2014 WL 122702, at *13 (N.D. Cal. Jan. 13, 2014). Here, the Trust Agreements expressly provide that:

> The Directors may, at reasonable times and during normal business hours of any Employer, audit or cause the audit or an inspection of the records of any Employer which may be pertinent in connection with the said Contributions and/or reports . . . .

Tashchyan Decl. ¶ 8B, Ex. 1 at 43–44, Ex. 2 at 101–02, Ex. 3 at 154–55. Based on the plain terms of the Trust Agreements, plaintiffs have the right to audit AnEFX's records. Accordingly, the Court shall order AnEFX to submit to an audit and retain jurisdiction over this matter should the judgment require amendment.

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiffs' motion for default judgment.

The Court **ORDERS** that judgment be entered in favor of plaintiffs and defendant shall be liable to plaintiffs in the amount of $668,694.03—which is comprised of $368,209.80 in unpaid contributions, $42,175.14 in employee shareholder contributions, $91,747.44 in interest, $91,747.44 in liquidated damages, $29,055.38 in liquidated damages and interest on late-paid contributions, $19,875 in audit fees, $25,022.50 in attorneys' fees, and $1,131.33 in costs; plus interest, at the rate of one percent (1%) per month, commencing when payment was due and continuing until payment is made.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **"O"**

| Case No. | 2:17-cv-2621-CAS-JCx | Date | April 2, 2018 |
|---|---|---|---|
| Title | BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN, ET AL. V. ANEFX, INC. | | |

The Court further **ORDERS** that defendant shall submit to an audit pursuant to the terms of the Trust Agreements for the period beginning May 1, 2016 to the date judgment is entered by the Court.

IT IS SO ORDERED.

|  | : | 01 |
|---|---|---|
| Initials of Preparer | JLO | |